**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00229-CR**
_____

**MARCUS NEAL MEADOWS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-08-10586-CR**
_____

**MEMORANDUM OPINION**

A grand jury indicted Appellant Marcus Neal Meadows ("Appellant" or "Meadows") for evading arrest or detention with a vehicle, and the indictment also alleged that during the commission of the offense or immediate flight therefrom Meadows used or exhibited a deadly weapon, namely a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2). The State provided Meadows with notice of its intent to enhance punishment based on two enhancement paragraphs. Meadows elected to have a jury determine the special issue of whether he used or exhibited a vehicle as a deadly

1

weapon, and Meadows elected to have the jury assess punishment. In the jury's presence, Meadows pleaded guilty to the offense of evading arrest or detention with a motor vehicle and pleaded "true" to the two enhancements for felony convictions. After hearing evidence on the special issue at the punishment phase of the trial, the jury found Meadows guilty and found the enhancements to be true, the jury found that Meadows used or exhibited a deadly weapon, and the trial court accepted the verdict. The jury assessed punishment at forty-five years of confinement. Meadows filed a notice of appeal.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted extensions of time for Meadows to file a pro se brief, and we received no response from Meadows.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the

2

opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.") Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 6, 2022
Opinion Delivered July 13, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[1] Meadows may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.